# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| DONNA LOWE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RED LOBSTER HOSPITALITY LLC, RED LOBSTER RESTAURANTS LLC, and RED LOBSTER SEAFOOD CO., LLC,<br><br>Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Donna Lowe (the "Plaintiff"), on behalf of herself and a putative class of similarly situated former employees as defined herein, brings this suit against Red Lobster Hospitality LLC, Red Lobster Restaurants LLC, and Red Lobster Seafood Co., LLC ("Defendants" or "Red Lobster") by way of this Class Action Complaint against Defendant, allege as follows:

## NATURE OF THE ACTION

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 USC § 2101-2109 (the "WARN Act") and the Millville Dallas Airmotive Plant Job Loss Notification Act N.J.S.A. § 34:21-1 *et seq.*, (the "NJ WARN Act"), by the Plaintiff on her own behalf and on behalf of the other similarly situated persons against Defendants, based upon Defendants' failure to provide notice of mass layoffs.

2. On or around May 14, 2024, Defendants made a mass layoff and/or plant closing by unilaterally and without notice shutting down dozens of Red Lobster locations across the country. No notice was given to employees.

3. Defendants failed to provide 60 days advance written notice as required by the WARN Act, 29 USC § 2101 et seq., to the affected employees.

4. On or around that same day, May 14, 2024, Defendants informed the affected employees that their services would no longer be required and that they were not required nor allowed to report for work.

5. Because of the terminations, Defendants' reduction in forces constituted a mass layoff or plant closing which became effective on or around May 14, 2024. As such, Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN act.

## JURISDICTION AND VENUE

6. This Court has Jurisdiction over this matter pursuant to 28 U.S.C § 1331, 1337 and 29 U.S.C. § 2104(a)(5).

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District, and Defendant's place of business is located within this District.

## PARTIES

9. Plaintiff Donna Lowe ("Lowe") is a citizen of the United States and resident of Warren County, New Jersey. Plaintiff Lowe was employed at the Red Lobster at 303 NJ-10, Ledgewood, NJ 07852, at all relevant times. Plaintiff is an "aggrieved employee" within the meaning of 29 USC § 2104(a)(7).

10. Defendant Red Lobster Hospitality LLC is a seafood restaurant chain with its principal place of business at 450 S. Orange Ave Suite 800 Orlando, FL 32801 and is incorporated in Delaware.

11. Defendant Red Lobster Restaurants LLC is a seafood restaurant chain with its principal place of business at 450 S. Orange Ave Suite 800 Orlando, FL 32801 and is incorporated in Delaware.

12. Defendant Red Lobster Seafood Co., LLC is a seafood restaurant chain with its principal place of business at 450 S. Orange Ave Suite 800 Orlando, FL 32801 and is incorporated in Delaware.

13. At all relevant times, Plaintiff and putative class members were employees of Defendants for the purposes of the WARN Act. Plaintiff Lowe and putative New Jersey class members (defined below) were employees for the purposes of NJ WARN ACT.

14. At all relevant times, Defendants employed more than 100 individuals, excluding employees who had worked less than six months or those who averaged less than twenty hours of work per week.

## **FACTS**

15. Defendants engaged in the business of operating restaurants. Defendants employed a large number of servers, kitchen staff, and various other staff roles to maintain operations of their stores.

16. Plaintiff Lowe had previously spoken with her manager about bankruptcy rumors circulating. Her manager assured her that their store was profitable and that they had received assurances from their corporate office that there was nothing to worry about.

17. On or around May 14, 2024, Defendants notified employees that they would be ceasing operations and that employees would not be permitted to work scheduled shifts. Plaintiff Lowe was informed of the closure of her location through the scheduling app used for employee shifts.

18. Plaintiff Lowe was terminated without prior notice on or around May 14, 2024.

19. This mass layoff resulted in loss of employment for all store employees at dozens of Red Lobster locations.

20. Defendants did not provide sixty days WARN Act Notice or as much notice as practicable under the circumstances as required by 29 USC § 2101 et seq., nor was any notice provided under NJ WARN ACT, even though Defendants planned to close dozens of locations and abolish, terminate, and/or layoff the employees employed there.

21. Defendants did not provide any WARN Act and/or NJ WARN ACT Notice to State dislocated worker units and local governments.

22. Upon information and belief, Defendants began negotiating and/or planning the early, voluntary termination of their operations.

23. Upon information and belief, no circumstances existed that would have permitted Defendants to eliminate the notification period as provided in the WARN and NJ WARN ACT Acts.

24. By failing to provide its affected employees who were temporarily or permanently terminated on or around May 14, 2024, with WARN Act Notices and other benefits, Defendants has acted willfully and cannot establish that it had any reasonable grounds or basis for believing its actions were not in violation of the statute.

**RULE 23 CLASS ACTION
ALLEGATIONS**

25. Plaintiff brings her WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the Nationwide Class ("Nationwide Class"), defined as follows:

> All employees of Defendants whose employment was permanently terminated on or around May 14, 2024, or whose employment was terminated as a reasonably foreseeable consequence of the mass layoff on or around May 14, 2024, who are aggrieved employees as per 29 USC §2104(a)(7).

26. Plaintiff Lowe brings her NJ WARN Act claim on behalf of the New Jersey Subclass ("New Jersey Subclass"), defined as follows:

> All New Jersey citizens employed by Defendants whose employment was permanently terminated on or around May 14, 2024, or whose employment was terminated as a reasonably foreseeable consequence of the mass layoff on May 14, 2024.

27. Class Action treatment of Plaintiff's WARN Act and NJ WARN Act claims are appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

a) The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

b) Questions of law and fact are common to the class, including, *inter alia*, whether Defendants provided adequate notice of its mass layoff under the WARN Act, 29 USC § 2102. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

c) Plaintiff is a member of the class, and her claims are typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the

interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

d) Plaintiff will fairly and adequately represent the class and its interests. Moreover, Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

28. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

29. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

30. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

31. Alternatively, certification is also appropriate under Federal Rule of Civil Procedure 23(c)(4).

**VIOLATIONS OF THE FEDERAL WARN ACT**
**COUNT I**
**(ON BEHALF OF THE NATIONWIDE CLASS)**

32. Plaintiff re-alleges and incorporate all preceding paragraphs as if set forth in full here.

33. Defendants are an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

34. Plaintiff and those she seeks to represent were at all relevant times "affected employees" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

35. The closing of Defendants' facilities constituted on or around May 14, 2024, constituted a "mass layoff" as defined in 29 USC § 2101(a)(3) in that it was a reduction in force, not the result of a single plant closing, resulting in the loss of employment of at least one-third of all employees and over fifty employees. The mass layoff is anticipated to be permanent and therefore meet the 30-day requirement.

36. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 USC § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 USC §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 USC § 2102(a)(2).

37. On information and belief Defendants did not give any prior written notice of the plant closing and/or mass layoff to any "affected employee," including to Plaintiff and those she seeks to represent, as that term is defined in 29 U.S.C § 2101(a)(5), nor upon information and belief did Defendants give any prior written notice to state authorities, nor to the chief elected official of the local government within which the mass layoff was ordered.

38. Defendants violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 USC § 2102(a). As such, Plaintiff and those she seeks to represent are "aggrieved employees" within the meaning of the WARN Act, 29 USC § 2104(a)(7).

39. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 USC § 2102. *See* 29 USC § 2104(5).

40. Moreover, Defendants' violations of the WARN Act were not in good faith, and Defendants had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 USC § 2102.

**VIOLATIONS OF THE NEW JERSEY WARN ACT**
**COUNT II**
**(ON BEHALF OF THE NEW JERSEY SUBCLASS)**

41. Plaintiff incorporates the above paragraphs as though fully set forth herein.

42. Defendants violated the Millville Dallas Airmotive Plant Job Loss Notification Act N.J.S.A. § 34:21-1 *et seq.* by failing to provide the required advanced notice of termination.

43. These terminations were subject to the required 90-day advance notice provisions of the NJ WARN Act.

44. Defendants are an employer within the meaning of the NJ WARN Act.

45. Defendants failed to provide the required severance pay and the legally required four-weeks' pay for failing to provide 90-days' notice to affected employees.

46. At all relevant times, Defendants were "employers" as defined by NJ WARN ACT, 820 ILCS 65/5(c) and continued to operate as a business until the termination of operations and/or mass layoffs on or around May 14, 2024.

47. The cessation of Defendant's operations is anticipated to be indefinite.

48. No store employees were provided notice before the mass layoffs.

49. Defendant's actions on or around May 14, 2024, constitute a "termination of operations" or "mass layoff" as per N.J. Stat. § 34:21-1.

50. Plaintiff and New Jersey Subclass members were terminated by Defendants without cause, as part of or as the reasonably foreseeable consequence of the closing of stores by Defendant.

51. Defendants failed to pay Plaintiff and members of the New Jersey Subclass their respective wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, and/or accrued PTO prior to or following termination.

52. Defendants violated the NJ WARN Act by failing to give Plaintiff and all members of the New Jersey Subclass at least ninety (90) days prior notice of termination before suspending operations.

53. Defendants has failed to and refuses to pay Plaintiff and all members of the New Jersey Subclass the amount of pay and benefits owed to them under the NJ WARN Act.

54. Defendants has willfully violated the NJ WARN Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a) Certification of the Nationwide Class and New Jersey Subclass as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and their counsel of record as Class Counsel;

b) A declaration that Defendants have violated the WARN Act and the New Jersey WARN Act;

c) A judgment against Defendants and in favor of Plaintiff and those she seeks to represent for back pay to the fullest extent permitted by law;

d) A judgment against Defendants and in favor of Plaintiff and those she seeks to represent for the loss of benefits, including, but not limited to, wages that would have been paid during the Notice Period to Plaintiff and those she seeks to represent, to the fullest extent allowable under law;

e) A finding that Defendants' violations of the WARN Act and New Jersey WARN Act were and are willful, not in good faith, and that Defendants had no reasonable grounds for believing that its mass termination was not in violation of the notice requirements of the WARN Act and New Jersey WARN ACT;

f) A judgment against Defendants and in favor of Plaintiff and those she seeks to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 USC § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

g) A judgment against Defendants for civil penalties to the fullest extent allowable under the WARN Act, 29 USC § 2104(a)(3); and,

h) Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff and each Class hereby demand trial by a struck jury of all issues triable by right.

This the 17th of May, 2024.                    Respectfully submitted,

  s/ Gregg I. Shavitz
Gregg I. Shavitz
**SHAVITZ LAW GROUP, P.A**.
951 Yamato Rd, Suite 285
Boca Raton, FL 33431
Telephone: 561-447-8888
gshavitz@shavitzlaw.com

Nicholas A. Migliaccio*
Jason S. Rathod*
MIGLICACCIO & RATHOD LLP
412 H St NE, Suite 302
Washington DC 20002
Telephone (202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com
(**pro hac vice* forthcoming)